JETTIE DEFOE *v.* FRANK DEFOE

(No. 7778)

Submitted January 29, 1935. Decided March 16, 1935.

*McLaughlin & Staker, E. J. Wilcox* and *F. F. Scaggs,* for plaintiff in error.

*Hammock & Burgess* and *James Damron,* for defendant in error.

WOODS, JUDGE:

This is an action in debt on a foreign judgment. Error is prosecuted from the action of the circuit court of Wayne county in sustaining a demurrer to the evidence submitted on behalf of plaintiff and in entering judgment for defendant.

It appears that the court of common pleas of Scioto county, Ohio, on November 4, 1927, while denying plaintiff a divorce from defendant, found that she was entitled to the care and custody of the children, and to alimony for the support of herself and children; and adjudged that she be permitted to live in the home then occupied by her; that defendant pay her $15.00 per week, and pay the taxes on the said real estate, and keep the same in repair; and that the payments therein provided for be made a lien against certain other real estate in said county. The foregoing, by its own terms, was

to be "complied with until further order of the court herein." The defendant was properly before the court. On March 6, 1931, plaintiff made application to the said court of common pleas asking that it determine the gross amount then due and unpaid under the order aforesaid, and enter judgment in her favor for such amount. Personal service of such application was made on defendant in Wayne county, West Virginia, where he had resided for the past few years. On April 3, 1931, no appearance having been made on behalf of defendant, an order was entered finding $1,672.75 ($1,300 alimony, $172.75 taxes, and $200 repairs) to be due and owing plaintiff, to which was added $52.99 costs. It is upon the last-mentioned judgment that plaintiff now seeks recovery.

Plaintiff, in support of her claim, introduced a duly authenticated copy of all pleadings filed in, and orders, including the one declared on, entered by, the said court of common pleas since the inception of the divorce proceeding. This, we believe, is sufficient to support a verdict in her favor. "A foreign judgment will be presumed to remain in force and unsatisfied until the contrary appears, and such presumption is available to a creditor in an action on his judgment, without being pleaded, until the debtor has overcome the same by competent evidence under a proper plea." *Mansfield* v. *Hinckle,* 81 Ind. App. 6, 139 N. E. 700.

But, says the defendant, the record of the court of common pleas of Scioto county shows on its face want of jurisdiction, due to failure to secure personal service of the motion upon him in Scioto county, Ohio; that the said court's right to compute the amount then due and owing under its order of 1927 was dependent upon personal service, as in an original proceeding, or by his voluntary appearance. In support he cites *Meister* v. *Day,* 20 Ohio App. 224, 151 N. E. 786. That was an action on a judgment providing for the payment of alimony at the rate of $5.00 per week "until the further order of the court." The court, after referring to such fact, observed, at page 226 (20 Ohio App.) of its opinion, that "by providing that the weekly payments should run until the further order of the court, the court making the order impliedly reserved the power in itself to modify the order. In

other words, the court might at any time, in the exercise of a sound discretion, order the payment to cease and convert the order into a judgment for a gross sum of money. In that event the plaintiff could sue on the resulting judgment in any court of competent jurisdiction.''

Had this been a proceeding upon ''a motion to modify the allowance'' made and entered in 1927, defendant's point might have some weight. But, however inapt the language, the purpose of the motion was to have the court compute the amount due under its order of 1927. And the relief granted in the order of April 3, 1931, (the one now declared on) goes no further.

Defendant's liability to the amount of the judgment of April 3, 1931, had already accrued. A computation of the amount could not prejudice him. He was already under order of the court to stand ready to show that he had complied in every way with its order of 1927. The mere fact that, after the entry of such order he had placed himself outside the jurisdiction of said court, did not stop the operation of the order. The right of a court in such a situation to ascertain and enter judgment for the amount due is highly proper, in aid of its power to enforce its own judgments. The defendant having defended the suit in the first instance, and had judgment rendered against him, must stand ready, upon notice, although beyond the jurisdiction of the court, upon proper motion, to defend, by showing that he has paid a part or all claimed to be due, if he can.

The mere entry of the order of 1927 did not automatically dismiss the defendant from the jurisdiction of the court. And the action taken by the court of common pleas in the instant case was merely ancillary to the former proceeding. *White* v. *White,* 65 N. J. Eq. 741, 55 Atl. 739.

Defendant, in demurring to the plaintiff's evidence, has elected to stand thereon. If there is any special reason why the proceeding in 1931 is not ancillary to that of 1927, the burden of proof was on him to establish such fact. 34 C. J. 1120. It seems to us that equity and fair dealing demands, in the absence of an express showing to that effect, that we give

ear to the well established presumption that, where a court of general jurisdiction has exercised its powers, it had jurisdiction both of the subject matter of the action and of the parties. 15 C. J. 827, sec. 146.

We are of opinion that the trial court was in error in sustaining the demurrer to plaintiff's evidence. We therefore reverse its judgment, overrule the demurrer to the evidence, and enter judgment for plaintiff in the amount declared on.

*Judgment reversed; judgment entered for plaintiff.*