Judge H. S. Lattimore, Ft. Worth, Tom Miller, Graham, for appellant.

Allan D. Montgomery, Wichita Falls, for appellee.

GRISSOM, Chief Justice.

Louise Richardson sued John T. Richardson in Texas on a judgment for money rendered in Colorado. Judgment was rendered for the plaintiff and defendant has appealed.

Mrs. Richardson alleged that, in June, 1948, she sued John T. Richardson in "Civil Action No. 2433" in the District Court of Conejos County, Colorado, for divorce and a property settlement; that personal service of citation was had on the defendant in Conejos County, Colorado, and that he appeared in person and by attorney; that the court rendered judgment therein as shown by an attached judgment, which recites that

## RICHARDSON v. RICHARDSON.

### No. 3060.

Court of Civil Appeals of Texas.

Eastland.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

in said "Civil Action No. 2433," in April, 1949, there came on to be heard the petition for an "equitable division of the property of the parties, and for a final order concerning custody of the minor children insofar as such order ever becomes final" and that defendant's motion to vacate the interlocutory decree had been denied. Said Colorado judgment recites that said parties, then husband and wife, had invested money in ranch property in Conejos County, Colorado, and mortgaged same, describing it, that the home if plaintiff and her three children is on said ranch; that the unpaid balance on the debt against the ranch, which was secured by mortgages, then amounted to $16,000; that the court had been urged to render a money judgment against defendant for $8,000, being one-half of the debt secured by mortgages on the ranch, and to award the ranch to the wife and minor children; that the court deemed it better to relieve defendant of liability for one-half of the mortgage debt (as between the parties to the suit), and to require Mr. Richardson "to pay the remaining half or answer to her by way of reimbursement should he fail and should she be compelled to pay the same in its entirety." The judgment then recites that the custody of the children is awarded to their mother "until a further order of the court;" that more than six months has elapsed since the entry of an interlocutory decree of divorce and that no action has been taken to vacate said decree. It was decreed that title to the ranch vest in the plaintiff and the three minor children; that defendant be relieved, as between the parties to the suit, "from the payment and liability for the payment of one-half of that amount which remains unpaid upon the mortgaged indebtedness against said property—but he must pay, either directly or through the plaintiff, one-half of the remainder now owing,"—and "failing so to do the plaintiff may recover herein a money judgment—against defendant, for one-half the amount she may hereafter pay on account of sums not now already paid thereon. And the Court retains jurisdiction of the parties and the subject matter for settling such matters and entering judgments in conformity with the facts as they may

develop." The concluding paragraph recites: "It is further ordered—that as to the divorcement of the parties; the setting over of the land titles and personal property and division of liability for the mortgage debts, this decree is final." There was an appeal from this judgment to the Supreme Court of Colorado. The judgment was affirmed but the cause was remanded to the District Court for further proceedings necessary for execution of said judgment.

Plaintiff's petition in this suit in Texas contained allegations that, after due notice of a petition for money judgment later filed in said cause, to the defendant and his attorney, said Colorado District Court, in May, 1952, in said Civil Action Number 2433 rendered judgment for plaintiff against defendant for $9,234.98, with interest from November 21, 1951 at 6% per annum, being one-half of the debt against the ranch, which had been paid by Mrs. Richardson. It was alleged that said judgment was final; that no appeal had been taken and the time for an appeal had expired; that defendant had failed and refused to pay said judgment, wherefore, plaintiff prayed for judgment in Texas for the amount of said money judgment and accrued interest.

The second Colorado judgment, hereafter called the money judgment, was marked Exhibit C and attached to plaintiff's petition in this suit. It shows a judgment in the District Court of Conejos County, Colorado, in Civil Action No. 2433. It recites that Mrs. Richardson's petition for a money judgment came on to be heard in May, 1952, "upon notice"; that the court heard the evidence and examined the records and found it had jurisdiction of the parties and subject matter and that John T. Richardson was indebted to plaintiff for $9,234.98, with interest at 6% from November 21, 1951, for which amount judgment was rendered.

Defendant answered in this Texas suit that the money judgment sued on was rendered without due process of law and without jurisdiction over his person; that since plaintiff first sought such money judgment he has been a citizen of Texas and did not answer or appear in response to plaintiff's

claim for a money judgment and that he was never cited to answer said suit.

Defendant admitted he was sued by plaintiff in the original Civil Action Number 2433 in the District Court of Conejos County, Colorado; that personal service was had on him therein and that he appeared in said cause in person and by attorney "upon a hearing for temporary orders in said suit." That he was represented at the beginning of said cause by Hon. John Green, an attorney of Antonito, Colorado; that an interlocutory decree of divorce was granted in 1948; that in April, 1949, the District Judge announced a judgment for divorce and property settlement in said cause; that he believed that Green and Judge H. S. Lattimore of Texas "were attorneys prosecuting the appeal in the Supreme Court of Colorado, in the divorce case"; he testified that Green received by mail a notice of the filing of a motion by plaintiff in said cause in Colorado for a money judgment but that Mr. Green was not then his attorney; that about March 17, 1952, a postman offered him a registered letter postmarked Alamosa, Colorado; that Judge Lattimore received a copy of the notice of the setting of the motion for money judgment from Mr. Green; that both Mr. Green and Judge Lattimore received copies of the notice of the setting of the motion for a money judgment and an order continuing the hearing until May 19, 1952. He admitted that "H. S. Lattimore, attorney for John T. Richardson, received a copy of said order continuing the hearing on the motion from John Ira Green;" that defendant refused to accept a registered letter from plaintiff's lawyers properly addressed to him in Abilene and refused to accept a registered letter properly addressed to him from the Clerk of the District Court of Conejos County, Colorado, on April 23, 1952; that on May 19, 1952, the District Court of Conejos County, Colorado, in Civil Action 2433, entered judgment against him for $9,234.98 with interest from that date at 6%; that neither he nor his attorney filed a motion for a new trial or a motion to set aside said judgment and that he had not paid it.

Appellant contends the Texas court erred in rendering judgment on the Colorado judgment because appellant was "not cited in the Colorado Court" on said petition for a money judgment; that he was not accorded due process of law and that the money judgment was not entitled to full faith and credit in Texas.

It is undisputed that the judgment of the District Court of Conejos County, Colorado, for a divorce and custody of the children (in which there was also adjudicated the liability of appellant, as between appellant and appellee, for one-half of the unpaid balance of the debt secured by mortgages on the Colorado ranch), was appealed to the Supreme Court of Colorado, where appellant was represented by an attorney of his choice, and that said judgment was affirmed, and that said Court also ordered the cause remanded to the District Court "for such other and further proceedings, according to law, as shall be necessary to the final execution of the judgment of said District Court in the cause." See Richardson v. Richardson, 124 Colo. 240, 236 P.2d 121, 122.

It was agreed that Mr. Green appeared for appellant in the District Court of Conejos County, Colorado, on motion to set aside the interlocutory decree of divorce and also on a motion for new trial and that Judge Lattimore represented appellant in the Supreme Court of Colorado in the "divorce" case. The evidence shows that the clerk of said District Court sent, by registered mail, to appellant and to attorney Green, notices of the setting of appellee's petition for money judgment with a copy of the petition attached; that appellant refused to accept his notice and copy of the petition from the postman; that attorney Green received the notices and copies and sent copies to Judge Lattimore in Texas and that appellant knew of the motion and when it was set but did nothing about it. See International Shoe Company v. State of Washington, 326 U.S. 309, 320, headnote 13, 66 S.Ct. 154, 160, 90 L.Ed. 95, 105. It was stipulated that in the original "divorce" suit, wherein appellant's liability for one-half of the debt secured by a mortgage, as between husband and wife,

was adjudicated, that he was served with process and appeared in person and by attorney. It is evident that appellee's motion for a money judgment was filed in Civil Action No. 2433 in the District Court of Conejos County, which was the same numbered suit as the first proceeding, for divorce, custody of the children and a property settlement, and in which appellant was adjudged to be liable to appellee for one-half of the debt which then amounted to about $16,000.

It is appellant's contention that the money judgment is not binding on him because when it was rendered he was a resident of Texas and was not personally served in Colorado with a citation in that particular proceeding; that the petition for a money judgment was a new and independent suit in which the Colorado Court did not have jurisdiction of appellant without personal service of citation in that particular matter having been served on him in Colorado. He contends that, although in the original proceeding he was personally served with citation in Colorado and appeared and answered, that the jurisdiction of the Colorado Court over him had ceased when the petition for a money judgment was filed and that it was necessary for him to be again personally served with citation in Colorado to authorize rendition of the money judgment. It must be remembered that appellant's liability for one-half of the debt against the ranch, as between the husband and wife, was adjudicated in the first proceeding, which judgment was affirmed by the Supreme Court of Colorado and the cause remanded for the express purpose of permitting said District Court to proceed to execute the judgment, and, further, that the money judgment and the judgment appealed to the Supreme Court of Colorado were rendered in the same Civil Action number 2433, and that, in effect, the money judgment was rendered in a proceeding to make certain the definite amount for which appellant was then liable under the prior adjudication of liability for one-half of the debt against the ranch. We think the money judgment was not rendered in a new and independent suit, and that the trial court's evident conclusion that the Colorado rules of procedure were complied with must be sustained.

In Rumpf v. Rumpf, 150 Tex. 475, 242 S.W.2d 416, 418, the wife's right to a divorce and to $150 per month alimony were adjudged by a Minnesota court. The husband was personally served with process in Minnesota in the original proceeding and appeared and answered. The alimony payments, liability for which had been previously adjudged, were not made. After the husband moved to Texas, the wife filed motions in the same court seeking supplemental money judgments for the unpaid alimony installments. The husband was served with notice in Texas of the motions for supplemental money judgments. Our Supreme Court said:

"The motions filed by petitioner and the two supplemental judgments were not the institution of new suits or the rendition of judgments in new suits. They were rather proceedings incident to the original suit in which respondent had entered appearance. They were filed to obtain the enforcement of a liability already adjudged by the ascertainment of the total of the amounts due under that liability and the ordering of executions to effect payment of those amounts."

This decision is applicable to the facts of this case. The motion for a money judgment, filed in Civil Action 2433, was not the institution of a new suit, nor was judgment rendered in a new suit. It was a proceeding incidental to the original suit, in which original proceedings appellant had been personally served with citation in Colorado and had appeared, and in which appellant's liability to appellee for one-half of the debt had been adjudicated. The petition for a money judgment was filed to obtain enforcement of a liability already adjudged in the original proceeding by ascertainment of the amount then due under that previously determined liability and to obtain an execution to secure payment of that amount.

In Cukor v. Cukor, 114 Vt. 456, 49 A.2d 206, 209, 168 A.L.R. 227, 231, the Supreme

Court of Vermont, under a comparable fact situation, held contrary to appellant's contentions. That court said:

"Due process does not require that personal service shall be made upon a party where the proceeding is only a continuation of litigation which is already within the jurisdiction of the Court. * * * 'The notice which is required to be given a defendant, under the due process clause of the Constitution of the United States, is referable only to the commencement of an action or suit and to an opportunity to be heard on any material question which shall arise during the prosecution of the action or suit.' Reale v. Judges of Superior Court, 265 Mass. 135, 163 N.E. 893, 897 * * *. However it might be if the order were an original process (See Hess v. Pawloski, 274 U.S. 352, 355, 47 S.Ct. 632, 633, 71 L.Ed. 1091) it is clear that, being no more than a part of an action previously commenced, the notice was sufficient and the defendant has been deprived of no constitutional right because he received it by registered mail rather than by personal service made upon him within the State of New York."

To the same effect are the decisions in McSherry v. McSherry, 113 M. 395, 77 A. 653, 140 Am.St.Rep. 428; Jones v. Jones, 204 Ark. 654, 163 S.W.2d 528, 529; Defoe v. Defoe, 116 W.Va. 197, 179 S.E. 74, 75 and Burke v. Burke, 127 Colo. 257, 255 P.2d 740.

■ The evidence was sufficient to, at least, support a conclusion by the trial court that appellant was duly cited in Colorado and entered his appearance in the first proceeding in "Civil Action 2433", wherein his liability to appellee for one-half of the debt was adjudicated; that the motion, or petition, of appellee for a money judgment was a continuation of litigation already within the jurisdiction of the Colorado Court; that appellant and his attorney were notified by registered mail of the filing of said petition and the date it would be heard and were furnished a copy of said petition.

We conclude that under the circumstances of this case the notice was sufficient; that there was due process of law and that the judgment sued on was entitled to full faith and credit. We do not construe the decisions cited by appellant as holding to the contrary.

The judgment is affirmed.