## Richmond

MARY COOKE KINCAID SHEFFIELD v. LAWRENCE BROWNING
SHEFFIELD, JR.

June 13, 1966.

Record No. 6201.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*Michael L. Soffin* (*Christian, Barton, Parker, Epps & Brent*, on
brief), for the appellant.

No brief or argument for the appellee.

EGGLESTON, C. J., delivered the opinion of the court.

In February, 1952, Mary Cooke Kincaid Sheffield filed in the court below a bill of complaint against her husband, Lawrence Browning Sheffield, Jr., praying for a divorce on the ground of desertion. Personal service was had upon the defendant husband who appeared by counsel and filed an answer. The wife was granted a divorce *a mensa* which was merged into a divorce *a vinculo* by a decree entered on February 24, 1953. The latter decree required the husband to pay the sum of $90 each two weeks for alimony and support of the two minor children of the marriage whose custody was awarded to the wife.

On November 21, 1964 there was personally served on the husband at Carbondale, Illinois, where he was then residing, a notice by the wife that on December 16 she would apply to the same court for an order determining the amount of his arrears of payments under the decree of February 24, 1953, and for an order reducing such arrears to judgment. Proof of such service was filed in the cause. On December 16, the return day of the notice, the wife tendered in the cause a petition alleging that her former husband was in arrears for alimony and support money in the sum of $13,360 under the terms of the decree for the years 1954 through 1964, both inclusive. In her petition she prayed that "the court make and enter judgment for the amount of such arrearages."

In response to the notice served on him the husband wrote to the judge of the court in which the divorce action had been brought and the petition had been tendered, a letter admitting that he was in arrears in his alimony and support payments to the extent of $13,260, which was $100 less than the amount claimed by the wife. He said that his failure to pay this amount was due to financial difficulties. He also suggested that his former wife's continued demands upon him for payment of alimony and support money were unjustified because his parents were contributing to the support of her and the children.

The husband made no further appearance, either in person or by counsel, in response to the petition and notice. Upon consideration of the wife's petition and the husband's letter, and without hearing further evidence, the lower court entered an order denying the petition. At the same time, in a letter to counsel for the wife, the court assigned as its reasons for such action that, (1) it was not clear

that it had jurisdiction to grant the petition since the husband was a nonresident and had not been personally served with process in this State; (2) even if the court had jurisdiction "it would be bad practice to grant the prayer of the petition" because the husband "might have defenses, such as payment, accord and satisfaction, limitations, or the like," and should not be required "to come half way across the country" to interpose them "when what is sought is a local judgment at the place of his residence." From the decree dismissing her petition the wife has appealed.

In its letter opinion the lower court pointed out that under the holding in *Griffin* v. *Griffin*, 327 U. S. 220, 66 S. Ct. 556, 90 L.ed. 635, "It is certain that 'some *sort* of notice by personal or substituted service' of this petition [filed by the wife] must be given, otherwise there would be a want of judicial due process." In that case the husband was served with process and had appeared and contested a divorce action filed against him by his wife in the State of New York. Subsequently, as the opinion points out, "without actual notice to or appearance by petitioner [the husband], and without any form of service of process calculated to give him notice of the proceedings," an *ex parte* judgment for arrears of alimony was entered against him. It was held that such judgment was void for want of due process. 327 U. S. at 228. But the court did not hold that the judgment was void because process was not personally served on the husband in the State of New York. The clear implication was that some other "form of service of process calculated to give him notice of the proceedings," would have satisfied the requirements of due process.

While the precise problem has not heretofore been presented to us, we think the correct applicable principle is thus stated in 24 Am. Jur. 2d, Divorce and Separation, § 711, p. 818:

"The courts are generally agreed that personal jurisdiction acquired over the defendant husband in a divorce suit, in which a decree for divorce and alimony has been rendered against him, is sufficient to authorize the divorce court subsequently to render a judgment for arrears of accrued alimony upon constructive service of process upon the husband; and the judgment so rendered for arrears of accrued alimony is a valid judgment conforming to requirements of due process, and not only of effect in the jurisdiction in which it has been rendered but entitled to recognition in other jurisdictions."

See also, Annotation: 168 A. L. R. 232, 234.

In *Mueller* v. *Mueller*, 36 Ill. App. 2d 305, 183 N. E. 2d 887, it was held that where a husband had been properly served with process in a divorce action, notice to him by certified mail, received in another State, of the wife's application in the divorce proceeding for a judgment for arrears of alimony satisfied the requirements of due process to support the judgment for such arrears. See also, *Cukor* v. *Cukor*, 114 Vt. 456, 49 A. 2d 206, 168 A. L. R. 227; *Durlacher* v. *Durlacher*, 173 Misc. 329, 17 N. Y. S. 2d 643.

The rationale of these cases is that a proceeding to reduce alimony arrears to judgment is not a new and independent action but merely a step taken in the original matrimonial action; that having obtained jurisdiction of the defendant husband in the original proceeding such jurisdiction remains unimpaired. Hence, the defendant husband has been deprived of no constitutional right where he has received by certified mail actual notice of the wife's application for a judgment for the amount of the arrears.

In *Defoe* v. *Defoe*, 116 W. Va. 197, 179 S. E. 74, the wife brought in a West Virginia court an action in debt on a judgment for arrears of alimony and support money which she had obtained against the husband in an Ohio court. The husband contested the validity of the judgment rendered against him in the Ohio court, on the ground that notice of the wife's application for such judgment had been served on him in West Virginia, where he had removed himself, and not in Ohio where the divorce action had been brought and prosecuted. In disposing of this contention the West Virginia court said:

"Defendant's liability to the amount of the judgment of April 3, 1931, had already accrued. A computation of the amount could not prejudice him. He was already under order of the court to stand ready to show that he had complied in every way with its order of 1927. The mere fact that after the entry of such order he had placed himself outside the jurisdiction of said court did not stop the operation of the order. The right of a court in such a situation to ascertain and enter judgment for the amount due is highly proper, in aid of its power to enforce its own judgments. The defendant having defended the suit in the first instance, and had judgment rendered against him, must stand ready, upon notice, although beyond the jurisdiction of the court, upon proper motion, to defend, by showing that he has paid a part or all claimed to be due, if he can." 179 S. E. at 75.

What was said in the *Defoe* case is peculiarly applicable to the case

now before us. Here the defendant husband had been personally served with process and appeared in the original divorce action. Our statutes (Code, §§ 20-108, 20-109, Repl. Vol. 1960) give the court continuing jurisdiction to revise its decrees with respect to the custody and maintenance of minor children and alimony. The proposed determination of the amount of arrears due by the husband to the wife was not a new action but merely a step in the enforcement of the court's original decree.

The service on the defendant husband in the State of Illinois, where he had removed himself, of the wife's notice of application for a judgment for arrears, and the return on such notice, were in accord with Code, § 8-74 (Repl. Vol. 1957).[1] The letter which the husband wrote to the judge of the court below shows that he received the notice and thus had actual knowledge of the wife's intended application for the judgment.

We hold that under the circumstances related, and under the principles pointed out above, the lower court had jurisdiction to entertain the wife's petition and application for a judgment in the amount of the arrears due to her under the terms of its former decree.

We further hold that the lower court should have granted the prayer of the wife's petition. The entry of a judgment for accrued arrearages is generally recognized as a method of enforcing payment of the amount due. 27B C. J. S., Divorce § 276 a., p. 182.

In its letter opinion the court expressed the view that it would be a hardship on the husband to require him to return to this State and interpose any defenses he may have to the wife's application for judgment for such arrears, "when what is sought is a local judgment at the place of his residence." Our view is that when the equities of the parties are weighed against each other, it is far more equitable that the delinquent husband should be required to return to Virginia and make his defenses in the original suit to which he is a party than that the innocent wife should be required to press her cause of action

---

(1) "§ 8-74. *Personal service out of State equivalent to order of publication.*— Personal service of a process may be made by any person not a party to or otherwise interested in the subject matter in controversy on a nonresident defendant out of this State and such service shall have the same effect, and no other, as an order of publication duly executed, or the publication of a copy of process or of notice under this chapter, as the case may be. In such case the return shall be made under oath, and shall show the time and place of such service, and that the defendant so served is a nonresident of this State."

against him in a new action in the foreign jurisdiction to which he has removed himself. 27B C. J. S., Divorce, § 276 a., p. 184.

For these reasons the decree appealed from is reversed and the cause remanded with direction that the lower court enter a decree awarding a judgment to the wife against her former husband for the sum of $13,260, the admitted amount of his arrears.

*Reversed and remanded with direction.*