Shirley M. SEVISON, Plaintiff,

v.

T. Benton SEVISON, also known as T. Benton Sevison, Jr., Defendant.

Superior Court of Delaware,
New Castle.

Submitted Aug. 22, 1978.

Decided Dec. 12, 1978.

Louis Goldstein, Wilmington, for plaintiff.

Michael P. Maguire, Wilmington, for defendant.

O'HARA, Judge.

This is an action to enforce two money judgments entered against defendant in New Jersey for a total of $6,267.00, plus interest. Defendant moves to dismiss the action in Superior Court.

The parties were divorced in 1972 pursuant to a New Jersey decree requiring the payment of alimony and child support by defendant. On October 19, 1976, the New Jersey Superior Court, Monmouth County, issued an order requiring defendant to pay overdue support, and ordering defendant to post the sum of $5,000.00 in a trust account as security for future alimony and child support obligations.

On January 25, 1977, plaintiff requested the New Jersey Court to invade the trust account to pay back support and legal fees. The request was granted, $1,895.00 was withdrawn, and defendant was ordered to replenish the fund. Defendant did not do so.

On March 25, 1977, the New Jersey Court, noting that defendant had not replenished the account, entered a judgment in favor of plaintiff for $2,645.00[1], to be paid to the escrow agent to replenish the account. Defendant failed to act.

On June 17, 1977, the New Jersey Court issued an order requesting the escrow agent to pay plaintiff $2,722.00 from the escrow account for support arrearages and legal expenses. At the same time, the Court entered a judgment directing defendant to deposit an equal amount in the account, plus $900.00 legal fees to be used to enforce the judgment in Delaware, for a total of $3,622.00.

Defendant argues that no arrears exist to create an actionable debt, in that the judgments contemplate replenishment of the $5,000.00 fund to secure *future* payments. He contends that plaintiff's remedy is to seek modification of the New Jersey order in Family Court. Defendant also contests the jurisdiction of the New Jersey Court.

Plaintiff argues that the New Jersey orders to replenish the security fund were reduced to money judgments for arrears, and thus are entitled to full faith and credit in this Court.

Initially, it should be noted that defendant admittedly does not contest the validity of the original New Jersey divorce decree. He does not contest the jurisdiction of the New Jersey Court to dissolve the parties' marriage and to order alimony and support, and concedes that the original decree is entitled to full faith and credit.

---

1. apparently for the $1,895.00 withdrawn on February 17, 1977, plus $750.00 for counsel fees.

■ Where personal jurisdiction over a spouse was obtained before the original decree was granted, subsequent proceedings for modification of alimony awards are considered to be a continuation of the original divorce action. H. Clark, *Law of Domestic Relations* § 14.9, at 456 (1968). A spouse originally subject to personal jurisdiction is thus bound by every subsequent order in the cause. *Michigan Trust Co. v. Ferry*, 228 U.S. 346, 33 S.Ct. 550, 57 L.Ed.2d 867 (1913). Renewed personal service is not required, but due process dictates that reasonable notice must be given to an absent party. H. Clark, supra.

"If a state obtains jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable notice and reasonable opportunity to be heard must be given the party at each step in the proceedings." Restatement (Second) Conflict of Laws § 26 (1967).

■ Insofar as the order setting up the $5,000.00 security account is concerned,

"a judgment which, upon reasonable constructive service upon the nonresident spouse, modifies, as to alimony or child support, a previous judgment rendered in a matrimony action in which the court had jurisdiction over the person of that spouse, is entitled to full faith and credit, and does not violate due process." 24 Am.Jur.2d Divorce § 977 at 1116 (1966), citing *Rice v. Rice*, Ark., 222 Ark. 639, 262 S.W.2d 270 (1953).[2]

■ Defendant attempts to draw a distinction between arrearages in payment of alimony and orders to replenish the security fund. New Jersey law grants the divorce court the specific power to include such fund as part and parcel of the alimony decree. Pursuant to New Jersey Stat.Ann. § 2A:34–23:

". . . the court may make such order as to the alimony or maintenance of the parties, and also as to the care, custo-

dy, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and *require reasonable security for the due observance of such orders.*" Id. The case law confirms that the Superior Court (of New Jersey) may, in its discretion, require reasonable security for due observance by a non-resident divorced spouse of an alimony order. *McDonald v. McDonald*, N.J.Super., 6 N.J.Super. 11, 69 A.2d 593 (1949). Given this power, and the continuous jurisdiction of the New Jersey Court to modify the original decree, there is no reason, for purposes of full faith and credit, to distinguish between an order to pay arrears in alimony and an order to replenish the security fund. Both are orders within the power of the Court to determine alimony and support pursuant to a decree of divorce.

The thrust of defendant's argument is apparently that the absence of a specific requirement to replenish the security fund in the October 19, 1976 order establishing it means that, despite the intervening New Jersey judgments, the present action is one for modification, properly brought in Family Court. Assuming *arguendo* that the October 19, 1976 order does *not* by its terms set up a continuing obligation to maintain the account balance, the judgments filed March 15, 1977 and June 22, 1977 *do* require defendant to pay the monies due to the escrow agent for the security account. Contrary to defendant's statement that "there is no order from the New Jersey Court requiring Mr. Sevison to replenish the trust", these judgments, in effect, require just that. Regardless of whether an obligation to replenish was created by the October 19, 1976 order, the subsequent *judgments* clearly establish this obligation.

■ This Court is not faced with an attempt to modify an order, nor with a decree which is subject to modification in its state of origin. Plaintiff has reduced her claims

2. It should be noted that defendant consented, through his New Jersey attorney, to entry of the October 19, 1976 order.

to two money *judgments* for arrearages, entered pursuant to the decree as modified. She is in much the same position as the plaintiff-appellant in *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244 (1976), who sought to enforce, in Wyoming, a New Jersey judgment for alimony arrears. The Wyoming Court cited New Jersey law to the effect that once arrearages become vested with the attributes of a judgment, they cannot be modified. *Joseph Harris & Sons v. Van Loan,* N.J.Supr., 23 N.J. 466, 129 A.2d 571 (1957). The Court recognized the New Jersey judgment as final and enforceable in Wyoming under the Full Faith and Credit Clause and *Barber v. Barber,* 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944).

In *Barber,* the suit was brought in Tennessee on a North Carolina money judgment for alimony already due and owing to petitioner. The Court distinguished suits upon decrees for future alimony, where some installments had accrued but no judgment had been filed. The Court ruled that the respondent spouse had failed to overcome the prima facie finality and validity of the North Carolina judgment, and thus the judgment for arrears was entitled to full faith and credit. *Id.*

■ This Court, like those in *Salmeri,* supra, and *Barber,* supra, is faced with the final judgment of a Court, having jurisdiction of the matter, that there is a definite and fixed sum of money due from defendant to plaintiff. This is a debt of record which cannot be reexamined upon its merits in another state. 24 *Am.Jur.2d,* Divorce § 980 at 1119 (1966). However, such a judgment for arrears, if obtained without due process, is not entitled to full faith and credit. *Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946).

The judgments issued by the New Jersey Court recite that the Court had personal jurisdiction over defendant, and that plaintiff did receive a copy of the notice of

motion. Defendant states that he was not personally served, and that he has received no process under the Uniform Reciprocal Enforcement of Support Act. (13 Del.C. § 601 *et seq.*) These statements are not necessarily inconsistent, and can be explained. First, plaintiff elected not to proceed under the Uniform Act and thus no process would issue under it. Second, the New Jersey Court retains continuing personal jurisdiction over the case by virtue of its 1972 decree. Finally, there is no claim by plaintiff that defendant was personally served, but only that he received a copy of the notice of motion.

■ The continuing personal jurisdiction of the Court is sufficient to authorize the subsequent judgment for arrears on constructive service. Annot., 168 A.L.R. 232 (1947). Service of notice by registered mail upon an out-of-state defendant meets the due process requirement, *Cukor v. Cukor,* Vt., 114 Vt. 456, 49 A.2d 206 (1946), as does service upon the attorney who represented the litigant in the divorce action. *Durlacher v. Durlacher,* N.Y., 173 Misc. 329, 17 N.Y.S.2d 643 (1940).[3]

■ The determination of the arrears due is not a new action, but merely a step in the enforcement of the original divorce decree. *Sheffield v. Sheffield,* Va.App., 207 Va. 288, 148 S.E.2d 771 (1966); *Accord: Mueller v. Mueller,* 36 Ill.App.2d 305, 183 N.E.2d 887 (1962) (Service by certified mail on nonresident defendant). Nothing in *Griffin* is to the contrary. That case involved an ex parte judgment for arrears of alimony without *any* form of service of process calculated to give the defendant notice of the proceedings. The Court held that such judgment could not constitutionally be rendered without "some form of notice by personal or substituted service." *Griffin,* supra, at 228, 66 S.Ct. at 560. As pointed out in *Sheffield* the clear implica-

---

**3.** Counsel for defendant in New Jersey declined to accept service on his behalf on January 11, 1977 by letter to the New Jersey Court. It is unclear whether withdrawal was accomplished in the manner prescribed by New Jersey practice, and whether the discharge was reflected in the record. See generally, *Scarth v. Scarth,* Or., 211 Or. 121, 315 P.2d 411 (1957). In any event, there is no indication that the New Jersey Court depended solely upon service of process on counsel to achieve notice to defendant.

tion of this holding was that some other method of (constructive) service of process calculated to give notice of the proceedings would satisfy the due process requirements.

 The mailing of a copy of the notice of motion to defendant in Delaware, with acknowledgement of receipt, would satisfy the due process mandate. It should also be noted that a party cannot avoid the continuing jurisdiction of the divorce court by discharging his attorney and moving out of state. *Reynolds v. Reynolds*, Cal., 21 Cal.2d 580, 134 P.2d 251 (1943).

In summary, full faith and credit applies to alimony and child support orders such as the ones before the Court. To the extent that the orders are valid and final by the law of the state where originally entered, they must be enforced by all other states. H. Clark, supra § 15.4, at 516. The New Jersey Court modified the original decree to provide for a security account, in view of defendant's arrears. When it became nec-

essary to invade the security fund to pay delinquent alimony and support, the plaintiff, with constructive (mail) service on defendant, reduced these amounts, plus fees, to judgments. The New Jersey Court retained personal jurisdiction over defendant, and met the due process requirement of prior notice of the proceedings to defendant. The New Jersey judgments are cloaked with the requisite finality and validity and should be recognized and enforced by this Court.

Defendant's motion to dismiss, or to transfer to Family Court is denied.

IT IS SO ORDERED.