COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia

COMMONWEALTH OF VIRGINIA,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. ELEANOR KENITZER                     OPINION BY
                                        JUDGE CHARLES H. DUFF
v.   Record No.  1252-95-4               SEPTEMBER 17, 1996

NEIL C. RICHTER


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jack B. Stevens, Judge

           Nancy J. Crawford, Regional Special Counsel
           (Betsy S. Elliott, Senior Special Counsel;
           James S. Gilmore, III, Attorney General;
           William H. Hurd, Deputy Attorney General;
           Siran S. Faulders, Senior Assistant Attorney
           General, on brief), for appellant.

           Wayne Hartke (Hartke & Hartke, on brief), for
           appellee.


     The Division of Child Support Enforcement (DCSE) appeals the

decision of the circuit court granting appellee's motion to

dismiss for lack of jurisdiction.  DCSE contends the Virginia

trial court lacked statutory authority to register the South

Carolina court order staying implementation of a wage withholding

petition; petitioner made a general, not special appearance

seeking to effect registration; the Virginia trial court erred

when it declined to exercise jurisdiction to enforce its divorce

decree; and the Virginia trial court erred when it confirmed the

registration without first resolving the substantive issues.

     We conclude that the South Carolina family court order was

not an order which could be registered under the provisions of the Uniform Interstate Family Support Act (UIFSA), Code §§ 20-88.32 to -88.82.  We also find that the trial court erred in ruling Virginia did not have jurisdiction.  We remand this matter to the trial court for it to determine the question of support arrearages.

## Background

In 1973, Eleanor Kenitzer was granted a decree of divorce a mensa et thoro by the Fairfax County Circuit Court from Neil Richter.  The decree ratified and confirmed the parties' property settlement agreement, which had been executed in Virginia on July 5, 1973.  Under the terms of the agreement, Richter agreed to pay $100 per month to Kenitzer for support of the parties' minor son.  On July 20, 1973, Richter signed a notarized waiver of service, which provided in part that he waived "notice of any further proceedings held in this matter" and "[consented] to the validity of all proceedings held in this matter."

The circuit court entered a decree of divorce a vinculo matrimonii on August 5, 1974.  Both parties had substantial contact with Virginia.  Their son was born in Virginia, and they had lived in Virginia for the last three years of their marriage.  However, after the divorce, Kenitzer and Richter relocated to, respectively, California and South Carolina, and neither party currently resides in Virginia.

Through the California child support agency, in 1991

Kenitzer filed a request to withhold wages in South Carolina to recover delinquent child support payments from Richter. By order entered January 9, 1992, a South Carolina family court ruled that it had jurisdiction over Richter and over the wage withholding request. Based upon evidence presented to the court, however, it granted Richter's petition to stay implementation of Kenitzer's request, noting "[t]here is a genuine question or dispute concerning the existence of the arrearage." No further action was taken on the South Carolina order.

Later in 1992, again through the California child support agency, Kenitzer sought to recover the alleged support arrearages by an action in Virginia. Mother registered the 1973 Virginia order in California on February 19, 1992. A Uniform Reciprocal Enforcement of Support Act (URESA) petition was received by DCSE in October 1992. In 1995, DCSE filed a motion to intervene and a motion for judgment and interest in Fairfax County Circuit Court. Richter made a special appearance in the circuit court to register the 1992 South Carolina family court order staying Kenitzer's earlier wage withholding petition. The Virginia circuit court ruled that it was bound by the 1992 South Carolina order, including that court's finding that it had jurisdiction over Richter and the subject matter. The Virginia trial court granted Richter's motion to dismiss for lack of jurisdiction. DCSE appeals the trial court's order.

## Uniform Interstate Family Support Act

In 1994, Virginia repealed Code §§ 20-88.12 to -88.31, the Revised Uniform Reciprocal Enforcement of Support Act, and enacted Code §§ 20-88.32 to -88.82, the Uniform Interstate Family Support Act.  Both acts, as well as the original Uniform Reciprocal Enforcement of Support Act, were intended to provide "a means to establish and enforce child support obligations and spousal support obligations across state lines."  John J. Sampson and Paul M. Kurtz, UIFSA:  An Interstate Support Act for the 21st Century, 27 Family Law Quarterly 85, 86 (1993).  However, "the most significant improvement offered by UIFSA [over provisions of URESA and RURESA] is the elimination of the multiple-order system."  Id. at 88.

> UIFSA adopts the concept of continuing, exclusive jurisdiction to establish and modify the levels of child support due a particular child.  Thus, once a court or administrative agency enters a support decree with jurisdiction, it is the only body entitled to modify it so long as it retains continuing, exclusive jurisdiction under the Act.  Another state, while required by UIFSA to enforce the existing decree, has no power under that Act to modify the original decree or enter a support order at a different level.

Id.  UIFSA also contains long-arm jurisdictional provisions that are "designed to allow the forum state to obtain as much such jurisdiction as is constitutionally possible."  Id. at 89.

## Registration of the Order

DCSE argues that the trial court erred in registering the

4

South Carolina stay of Kenitzer's petition to withhold wages.  We

agree.  Code § 20-88.66 provides that "[a] support order or an

income-withholding order issued by a tribunal of another state

may be registered in this Commonwealth for enforcement."  A

"support order" is defined as

> a judgment, decree, or order, whether
> temporary, final, or subject to modification,
> for the benefit of a child, a spouse, or a
> former spouse, which provides for monetary
> support, health care, arrearages, or
> reimbursement, and may include related costs
> and fees, interest, income withholding,
> attorney's fees, and other relief.

Code § 20-88.32.  The South Carolina order did not provide for

the payment of monetary support or arrearages.  The order did not

determine the merits of Kenitzer's claim or Richter's defense.

Cf. Price v. Price, 17 Va. App. 105, 114-15, 435 S.E.2d 652,

658-59 (1993).  The order merely barred automatic withholding in

light of Richter's possibly meritorious defense, and stayed

further action without making a factual determination.  While we

agree with Richter that an order finding that no support or

arrearage is due could be a "support order" registerable under

UIFSA, the South Carolina order is not such an order.

Similarly, the South Carolina order was not an

"income-withholding order."  "Income-withholding order" is

defined as "an order or other legal process directed to an

obligor's employer or other debtor, to withhold amounts for child

or spousal support from the obligor's earnings as defined in

§ 63.1-250."  Code § 20-88.32.  The South Carolina order was not

5

directed to Richter's employer, and did not direct the withholding of any funds.

Consequently, the South Carolina order was not within the scope of those orders which can be registered in Virginia under UIFSA. The trial court erred in registering the order.

## Effecting Registration by Special Appearance

Richter contends that this issue was not raised in the trial court and that DCSE may not raise it for the first time on appeal. Rule 5A:18. The record supports Richter's contention. We do not address this issue.

## Jurisdiction of Virginia Court

DCSE contends that the trial court erred by declining to exercise its continued jurisdiction to enforce its order. We agree. "[A] tribunal of this Commonwealth may exercise personal jurisdiction over a nonresident individual" when, among other bases, the "individual resided with the child in this Commonwealth" or when the "exercise of personal jurisdiction is authorized under subdivision A8 of § 8.01-328.1." Code § 20-88.35(3) and (6). In pertinent part, Code § 8.01-328.1 extends personal jurisdiction to an individual who has "been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person." Code § 8.01-328.1(A)(8)(ii).[1]

_____
[1] Under the circumstances of this case, we find that neither Code § 20-88.38 (addressing when Virginia courts may exercise

6

Moreover, this holding is consistent with the Virginia Supreme Court's decision in <u>Sheffield v. Sheffield</u>, 207 Va. 288, 148 S.E.2d 771 (1966). There, the parties were divorced in Virginia and the husband was ordered to pay support. The husband moved to Illinois, where he was personally served with the wife's petition to enter judgment on support arrearages. The husband did not appear before the court in Virginia, although he wrote a letter to the court admitting the arrearage. The Supreme Court found that the Virginia court had jurisdiction over the husband, noting that

> a proceeding to reduce alimony arrears to judgment is not a new and independent action but merely a step taken in the original matrimonial action; that having obtained jurisdiction of the defendant husband in the original proceeding such jurisdiction remains unimpaired.

---

jurisdiction following the filing of a petition in another state) nor Code § 20-88.39 (addressing when Virginia courts may exercise continuing exclusive jurisdiction) either require or prohibit the Virginia courts from exercising their pre-existing jurisdiction.

Id. at 291, 148 S.E.2d at 773. See also Shinn v. Kreul, 427 S.E.2d 695, 698 (S.C. Ct. App. 1993). Thus, the Virginia circuit court had personal jurisdiction over Richter as part of its continuing jurisdiction to enforce its original support order. While Richter argued that the divorce decree was ex parte, the record demonstrates conclusively that the Virginia circuit court had personal jurisdiction over Richter at the time the divorce decree was entered.

Code § 20-88.39(A)(1) provides that the Commonwealth of Virginia "has continuing, exclusive jurisdiction . . . [a]s long as this Commonwealth remains the residence of the obligor, the individual obligee, or the child." The statute does not state, either by express terms or by implication, that Virginia loses all jurisdiction if none of the parties are residents of the Commonwealth. We hold that Virginia continues to have the right to enforce its own decrees even if all parties are no longer residents. The intent of the statute is simply to facilitate the enforcement of support decrees by making other states equally available to an obligee. When South Carolina declined to issue an income-withholding order and made no determination of arrearages, Kenitzer could invoke Virginia's jurisdiction for the purpose of enforcing its own decree.

In summary, we find that the trial court erred in concluding that the South Carolina family court order staying Kenitzer's wage-withholding petition was an order registerable under UIFSA.

8

We also find that the trial court erred in ruling it did not have jurisdiction over this matter.  We remand to the trial court to determine what arrearages, if any, exist.

<u>Reversed and remanded.</u>