COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

ROBERT WILLIAM FITZHUGH
                                          MEMORANDUM OPINION[*]
v.   Record No. 1388-97-1                    PER CURIAM
                                          NOVEMBER 10, 1997
GLORIA DUPREE


              FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

            (John Levy; Raphael Connor; T. Marie Walls;
            Peninsula Legal Aid Center, Inc., on brief),
            for appellant.

            No brief for appellee.


     Robert William Fitzhugh appeals the decision of the circuit

court applying the California statute of limitations to Gloria

Dupree's action to collect a child support arrearage.  Fitzhugh

contends that, under the Uniform Interstate Family Support Act

(the Act), codified at Code §§ 20-88.32 through 20-88.82, the

trial court erred in ruling that California was the "issuing

state" of the support order which Dupree sought to register in

Virginia.  Upon reviewing the record and opening brief, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule

5A:27.

     The facts are not in dispute.  When the parties divorced in

California in 1965, Fitzhugh was ordered to pay $75 per month in

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

child support for each of the parties' three children.  Fitzhugh moved to New York and a child support arrearage accrued.  In 1974, Dupree filed an action under the Uniform Reciprocal Enforcement of Support Act (URESA) in New York.  The New York court modified the California order by increasing the amount of child support to $20 per week.  The California court removed the case from its docket on March 11, 1983, because all three children were emancipated.  In 1996, Dupree filed this action in Virginia to register the California order and to recover the outstanding support arrearage.  Fitzhugh contested registration on the ground that the statute of limitations precluded enforcement.  See Code § 20-88.72(A)(7).  The trial court ruled that under Code § 20-88.69 it was required to apply California's statute of limitations.  California does not impose a time limit on actions to enforce child support arrearage.  The trial court granted Dupree's motion to register the California order.

> Code § 20-88.69 provides as follows:
> Choice of law; statute of limitations.-- A. The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order.
>   B.  In a proceeding for arrearages, the statute of limitations under the laws of this Commonwealth or of the issuing state, whichever is longer, applies.

Fitzhugh argues that, because Dupree sought to register the California order, as modified by the New York court, the "issuing state" is New York.  Under New York law, the statute of

limitations is six years.  The statute of limitations in Virginia is ten years.  See Code § 8.01-252.  Thus, under Fitzhugh's argument, Dupree's action to register the foreign order is time-barred.

Under Code § 20-88.32, the "issuing state" means "the state in which a tribunal issues a support order or renders a judgment determining parentage."  The trial court determined that California was the original "issuing state," and retained its status as the issuing state throughout the subsequent action in New York.  Because California law imposes no limit on the time within which an action to recover child support arrearages may be brought, the trial court ruled that Dupree was not barred from registering the decree.

We find no error in the trial court's interpretation or application of the pertinent statutes.  The original order of child support was issued by California.  Maintaining California's role as the "issuing state" promotes "'the elimination of the multiple-order system'" which was "'the most significant improvement'" made by the Act over the earlier support recovery statutes such as URESA.  Commonwealth ex rel. Kentizer v. Richter, 23 Va. App. 186, 190, 475 S.E.2d 817, 819 (1996) (citation omitted).  Moreover, applying California's statute of limitations conforms with the intent expressed in Code § 20-88.69 to maximize a payee's ability to recover support arrearages by applying the longest available statute of limitations.

3

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.