COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Annunziata

NISHAT I. KARIMI

MEMORANDUM OPINION[*] BY
v.          Record No. 1416-97-3          JUDGE SAM W. COLEMAN III
                                          JUNE 16, 1998
IFTEKHAR A. KARIMI

FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Rudolph Bumgardner, III, Judge

(Jeffrey A. Ward; Franklin, Franklin,
Denney & Ward, on brief), for appellant.
Appellant submitting on brief.

(Bruce R. Williamson, Jr.; Williamson &
Toscano, on brief), for appellee. Appellee
submitting on brief.


Nishat I. Karimi (mother) appeals the trial court's order terminating Iftekhar Karimi's (father's) obligation to pay child support, which termination the court based upon the parties and the child having relocated from Virginia to India. Mother contends the trial court abused its discretion in abating the original child support order where no other court of competent jurisdiction had assumed jurisdiction or established support for the child. For the reasons that follow, we reverse the trial court's abatement order and remand for further proceedings.

BACKGROUND

Mother and father were lawfully married in Indiana in 1988. Mother moved to India in 1989 where she gave birth to the

--------

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

couple's only child.  Father remained in the United States and eventually moved to Waynesboro to work as an engineer.

Mother came to Virginia in 1995 and commenced an action for child support in the Juvenile and Domestic Relations District Court for the City of Waynesboro.  She resided in Virginia for several months while the action was pending.  The parties executed an agreement wherein father agreed to pay child support in the amount of $500 per month, which agreement was incorporated into a July 1995 order of the juvenile and domestic relations court.  The mother eventually returned to India, where the child has always resided.

In December 1995, father filed a motion to modify the support order on the ground that the cost of living in India was substantially less than in Virginia.  The juvenile and domestic relations court denied the motion.  While his appeal from the denial of the motion to modify was pending before the circuit court, father lost his job and moved to India.  Subsequently, he filed a motion to abate the child support order on the ground that both parties and the child no longer resided in Virginia. In support of his motion, he testified that he had initiated an action for custody of the child in an Indian court and that, as the noncustodial parent, he is precluded from raising child support issues under Indian law.  The circuit court granted the father's motion to abate the child support order, holding that it was "no longer appropriate for [the court] to order the payment

of child support" in light of the parties' circumstances.

## ANALYSIS

It is well established in Virginia that a trial court may modify or terminate child support "when the petitioning party has proven . . . a material change in circumstances." Kaplan v. Kaplan, 21 Va. App. 542, 547, 466 S.E.2d 111, 113 (1996). See Code § 20-108. "Once a party has demonstrated a material change, the court must determine whether that change justifies a modification [or termination of] the support award by considering the present circumstances of the parties and the benefit of the children." Cooke v. Cooke, 23 Va. App. 60, 64, 474 S.E.2d 159, 160-61 (1996) (emphasis added) (citation omitted). The decision whether to modify or terminate child support is a matter of judicial discretion which the courts must exercise with the best interests of the child as its paramount consideration. See Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 474 (1991); Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986).

The trial court's abatement of the child support order was an abuse of discretion. While the parents and child were residing in Virginia, the trial court had determined the father's obligation to support his child and, based upon the parents' agreement which ostensibly indicated the father's ability to provide support and the child's needs, set the amount of the support obligation at $500 per month. Although the parents and

child no longer resided in Virginia when the change in condition hearing was held, the trial court had continuing jurisdiction to enforce and modify its original child support order.  See Code § 20-88.35(6); Commonwealth ex rel. Kenitzer v. Richter, 23 Va. App. 186, 193, 475 S.E.2d 817, 820 (1996).  Nothing in Code § 20-88.39 of the Uniform Interstate Family Support Act, which prescribes when Virginia courts may exercise continuing, exclusive jurisdiction, vitiates a Virginia court's continuing jurisdiction to modify its own support order under the circumstances in this case.  See Code § 20-108; cf. Richter, 23 Va. App. at 192 n.1, 475 S.E.2d at 820 n.1.  Code § 20-88.39(B) provides only that a Virginia court "may not exercise its continuing jurisdiction to modify [a valid child support] order if the order has been modified by a tribunal of another state" pursuant to a law substantially similar to this chapter.  (Emphasis added).  The parents and child now live in a foreign country, not in another state.  However, because the original support order has not been modified or supplanted by proceedings in another court of competent jurisdiction, the trial court retained its continuing jurisdiction to modify the order even though the parents and child no longer reside in Virginia.  Cf. Richter, 23 Va. App. at 193, 475 S.E.2d at 820 ("Virginia continues to have the right to enforce its own decrees even if all parties are no longer residents.").

    We reject the father's argument that the trial court's

decision to abate the child support order should be affirmed because under Indian law only the custodial parent, the mother in this case, can initiate child support proceedings. The father argues that the case should be controlled by Indian law and economic standards since all parties reside there. He maintains that unless the Virginia support order was abated, the mother has no incentive to initiate support proceedings in India because she can reap greater financial gain by not invoking the jurisdiction of the Indian courts and continuing to enforce the Virginia support order. By abating the Virginia support order, the trial court will compel the mother, so the father argues, to initiate support proceedings in India.

However, we find the trial court's abatement of the child support order failed to consider the father's continuing obligation to support his child and failed to consider the child's best interest and need for support. By abating the support order, the trial court placed the custodial parent, who had obtained an enforceable support order in the jurisdiction of the father's residence, in the position of having no enforceable support order. The trial court could have exercised its continuing original jurisdiction, on motion of the father or on its own motion pursuant to Code § 20-108, to modify father's support obligations to reflect the lower cost of living in India or to take into account the father's loss of employment in Virginia. Where the trial court could have reduced the father's

support obligation and ensured continued support for the child, the court abused its discretion by terminating support for the child merely because the parents and child no longer resided in Virginia.  Accordingly, we reverse the trial court's order terminating father's obligation to pay child support and remand the case for further proceedings in accordance with this opinion.

<u>Reversed and remanded.</u>