COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Frank


SHEILA ROCHE

                                   MEMORANDUM OPINION[*]

v.   Record No. 1807-98-4            PER CURIAM
                                  MAY 4, 1999

STEPHEN ROCHE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Dennis M. Hottell; Carolyn T. Hogans; David
Ginsberg; Dennis M. Hottell & Associates,
P.C., on brief), for appellant.

(Michael A. Mays, on brief), for appellee.


Sheila Roche (mother) appeals the decision of the circuit court granting the plea of Stephen Roche (father) to dismiss this action under the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u>. Mother contends that the trial court erred by ruling that Virginia was an inconvenient forum because Virginia had jurisdiction for the child support arrearage and because father is a beneficiary of a testamentary spendthrift trust which contains funds which could satisfy the arrearage. Mother also sought attorney's fees and costs. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

> Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . . "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citation omitted).

By order of the Fairfax County Juvenile and Domestic Relations District Court, entered February 9, 1984, father was required to pay $100 in monthly child support, raised to $200 a month as of September 1984, plus $100 per month to pay a $600 support arrearage. Both parties subsequently moved to California. In October 1992, the Plumas County Superior Court in California terminated father's child support obligation as of July 1, 1992. Mother filed a Petition for Rule to Show Cause in the Circuit Court of Fairfax County on May 7, 1998, seeking to recover approximately $50,000 in support arrearage from father's interest in the spendthrift trust established by his mother's will, which was probated in Fairfax County. Father entered a plea of forum non conveniens. In support of his plea, father presented evidence that the parties resided in California and that a California court entered the most recent order in this matter. Father also presented evidence that he suffers from

- 2 -

degenerative disc disease and that the Social Security

Administration found him to be disabled because of this disease

and the accompanying depression.  By affidavit, father asserted

that he was unable to work or to attend hearings in Virginia due

to this disease.

Forum Non Conveniens

We find no error in the trial court's decision granting

father's plea.

> The transfer decision is within the
> court's discretion, and, as with other
> discretionary acts, there is no clear
> formula which can be mechanically applied.
> Circumstances ordinarily considered in
> motions to transfer on the basis of forum
> non conveniens include
>
>> "relative ease of access to
>> sources of proof; availability of
>> compulsory process for attendance
>> of unwilling, and the cost of
>> obtaining attendance of willing
>> witnesses; possibility of view of
>> premises, if view would be
>> appropriate to the action; and all
>> other practical problems that make
>> trial of a case easy, expeditious
>> and inexpensive."

Norfolk and W. Ry. Co. v. Williams, 239 Va. 390, 393, 389 S.E.2d

714, 716 (1990) (citation omitted).

Mother relies upon Commonwealth ex rel. Kenitzer v.

Richter, 23 Va. App. 186, 475 S.E.2d 817 (1996).  That case is

distinguishable.  Unlike the circumstances in the present case,

the trial court in Richter erroneously ruled that it lacked

- 3 -

jurisdiction.  See id. at 191-93, 475 S.E.2d at 820.  Moreover, in this case, the parties live in a single state which has already entered a child support order.  In Richter, the wife lived in California, the husband lived in South Carolina, and the wife unsuccessfully sought to resolve the matter of arrearage in South Carolina before seeking to pursue her claim in Virginia.  Mother concedes that she could pursue her claim in California.  The trial court found that "[b]oth considerations of judicial administration and convenience to the parties indicate that California is the more appropriate forum . . . ."  While mother seeks to reach father's interest in the Virginia spendthrift trust to satisfy the child support arrearage, the amount of arrearage first must be ascertained.  The evidence, both documentary and testimonial, necessary to determine the amount of the arrearage is more easily presented in California where the parties reside.  We find no error in the trial court's decision to transfer resolution of that contested issue to a location more convenient to both parties.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.

See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  We find unpersuasive mother's claim that father is financially responsible for her attorney's fees because he is the beneficiary of a spendthrift trust.  We cannot say that the trial judge abused his discretion in failing to award mother attorney's fees and costs.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.