ELDER, Judge.
Bradley Aaron David Nordstrom (father) appeals from an order granting the motion of his former wife, Susan Marie Scott (mother), for modification of his support obligation for the parties’ minor child. On appeal, father contends the trial court erroneously determined it had jurisdiction under Virgi *260 nia’s version of the Uniform Interstate Family Support Act, Code §§ 20-88.32 to -88.82, to modify the Virginia order when neither the parents nor the child continued to reside in Virginia. He also seeks an order of restitution for what he contends are overpayments of child support made pursuant to the erroneous order, and he requests an award of attorney’s fees and costs on appeal. We hold the court lacked jurisdiction to modify. Thus, we vacate the order modifying child support and dismiss mother’s motion requesting modification. We decline father’s request for an award of attorney’s fees and costs.
I.
BACKGROUND
By order of May 19, 2004, the trial court determined father’s support obligation payable to mother for the parties’ child. That order stated that mother and the child resided in Charles Town, West Virginia. At that time, father, who was in the military, had an address of residence in Miami, Florida. Sometime following entry of that order, father received orders for duty in Germany and was thereafter deployed to Iraq.
On May 18, 2006, mother, acting pro se, filed a motion to modify child support alleging a material change in circumstances. In that motion, mother indicated her residence was in Charles Town, West Virginia. By motion filed June 30, 2006, father moved to dismiss. He alleged that at the time mother filed her motion in 2006, mother, father, and the child all resided outside Virginia and, thus, that under Code § 20-88.39(A) the trial court lacked continuing, exclusive jurisdiction to modify the child support order absent the consent of the parties in the record. At a hearing on July 7, 2006, the trial court denied father’s motion to dismiss and continued the matter to August 17, 2006, for the presentation of evidence on the motion to modify. In denying the motion to dismiss, the court reasoned that it had long arm jurisdiction pursuant to Code § 8.01-328.1(8) “whereby the Court retains personal jurisdiction over [father] despite his current residency.” It *261 also held that, under Code § 20-88.39, it “continue[d] to have concurrent jurisdiction to modify its support orders until another Court of competent jurisdiction takes or assumes jurisdiction from this Court, which has not happened.”
Father then filed a motion for reconsideration of the court’s ruling on jurisdiction. He argued the court lacked personal jurisdiction over him pursuant to either Code § 8.01-328.1(8) or § 20-88.36. He also argued the court erroneously held Code § 20-88.39 provided it with “concurrent jurisdiction to modify its support order until another Court of competent jurisdiction takes or assumes jurisdiction from this Court, which has not happened.” Father noted the applicable version of Code § 20-88.39 contains no such provision.
At the August 17, 2006 hearing, father again argued his motion to dismiss for lack of jurisdiction, and the trial court said, “I think it’s ambiguous as to modification. You show me in there where it says we’re divested of jurisdiction to modify.... I think that would just go completely counter to the intention of the act.” The court inquired what state father contended would have jurisdiction to modify, and father mentioned the possibility of West Virginia, where mother and the child lived, or Texas, which was father’s state of legal residence. The trial court then said, ‘We’ll just go ahead and do it here.”
On that same date, the court entered an order again denying father’s motion to dismiss. It ruled as follows:
IT APPEAR[S] to the Court that the Motion to Dismiss was properly denied because the Court continues to exercise personal jurisdiction over [father] under this Court’s continuing jurisdiction to enforce the current child support Order (See Virginia Code §§ 20-88.36 and 20-88.40);
IT FURTHER APPEAR[S] to the Court that this Court has jurisdiction to modify the current support Order because although the Court no longer appears to have continuing, exclusive jurisdiction, the Court does have continuing jurisdiction to modify its Order; nor is this Court prohibited *262 from exercising jurisdiction to modify under Virginia Code § 20-88.39....
It also entered an order granting mother’s motion for an increase in child support.
Father made specific objections to the support order and noted this appeal.
II.
ANALYSIS
A.
TRIAL COURT’S JURISDICTION TO MODIFY AND PERSONAL JURISDICTION
Virginia has adopted the Uniform Interstate Family Support Act (UIFSA) and has codified it, with minor amendments, at Code §§ 20-88.32 to 20-88.82. UIFSA is a model uniform law that has been enacted in all fifty states. Commonwealth ex rel. Gagne v. Chamberlain, 31 Va.App. 533, 536, 525 S.E.2d 19, 21 (2000). Its recognized purpose is to “provide[] a comprehensive statutory scheme to establish and enforce support obligations in proceedings involving [residents of] two or more states.” Id. at 536-37, 525 S.E.2d at 21. Each section of the uniform law is accompanied by an official comment that explains the purpose and application of the section. See UIFSA (2001), 9 U.L.A. (pt. IB) 159-270 (2005). Although the General Assembly has not formally adopted any of the official comments in conjunction with its adoption of UIFSA’s various provisions, we have previously recognized that UIFSA’s official comments are an appropriate aid in determining how Code §§ 20-88.32 to -88.82 apply in a given case. See, e.g., Chamberlain, 31 Va.App. at 537 n. 1, 525 S.E.2d at 21 n. 1.
The version of UIFSA § 205, 9 U.L.A. (pt. IB) 339-40 (1992 & 1996), applicable in Virginia from 1994 to 2005, codified at § 20-88.39, defined a court’s “continuing, exclusive jurisdiction” as follows:
*263 A. A tribunal of this Commonwealth issuing a support order consistent with the law of this Commonwealth has continuing, exclusive jurisdiction over a child support order:
1. As long as this Commonwealth remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
2. Until all of the parties who are individuals have filed written consent with a tribunal of this Commonwealth for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.[1]
1997 Va. Acts, chs. 797, 897 (codified at § 20-88.39 (2000 Repl.Vol.)) (footnote added); see also Commonwealth ex rel. Kenitzer v. Richter, 23 Va.App. 186, 190, 475 S.E.2d 817, 819 (1996) (discussing purpose and evolution of Uniform Reciprocal Enforcement of Support Act (URESA), Revised Uniform Reciprocal Enforcement of Support Act (RURESA), and their replacement by UIFSA, which offered as “ ‘the most significant improvement ... the elimination of the multiple-order system’ ” (quoting John J. Sampson & Paul M. Kurtz, UIFSA: An Interstate Support Act for the 21st Century, 27 Fam. L.Q. 85, 88 (1993))). Thus, under the version of Code § 20-88.39 applicable from 1994 to 2005, if, after a Virginia court issued a child support order, the parties and the child left the state and took up residence elsewhere, the Virginia court retained continuing, exclusive jurisdiction to modify that order until all parties consented in writing to allow another state to assume continuing, exclusive jurisdiction to modify the order.
Effective July 1, 2005, the General Assembly adopted the amended version of UIFSA § 205, revised in 2001, see 9 U.L.A. (pt. IB) 192-93 (2001), which provided as follows with regard to modification:
A. A tribunal of the Commonwealth that has issued a child support order consistent with the law of the Common *264 wealth has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order, and:
1. At the time of the filing of a request for modification, the Commonwealth is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
2. Even if the Commonwealth is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, the parties consent in a record that the tribunal of the Commonwealth may continue to exercise its jurisdiction to modify its order.
2005 Va. Acts, ch. 754 (codified at § 20-88.39 (2004 Repl.Vol. & Supp.2006)). Code § 20-88.41 provides that if, when “a proceeding is brought under this chapter,” “only one tribunal has issued a child support order, the order of that tribunal controls” and is considered “the controlling order.”
Here, the record indicates that when mother requested modification in 2006, the trial court’s 2004 order was the only child support order in existence and, thus, was the controlling order. Accordingly, the trial court had continuing, exclusive jurisdiction to modify that order if the requirements of subsection (A)(1) or (2) were satisfied. Subsection (A)(1) did not apply because, at the time of the 2006 request for modification, the obligor, the obligee, and the child all resided outside Virginia. Subsection (A)(2) also did not apply because father did not “consent in [the] record that [the trial court] may continue to exercise its jurisdiction to modify its order.” Code § 20-88.39(A)(2) (2004 Repl.Vol. & Supp.2006). Thus, as the trial court expressly found, it lacked continuing, exclusive jurisdiction to modify the order.
The trial court nevertheless stated its belief (1) that it had continuing subject matter jurisdiction to modify the order, even though its continuing jurisdiction was not exclusive, because Code § 20-88.39 did not expressly divest it of such jurisdiction, and (2) that it retained such authority “until another Court of competent jurisdiction takes or assumes *265 jurisdiction from this Court, which has not happened.” These conclusions were erroneous.
As set out above, the version of Code § 20-88.39 in effect from 1994 to 2005 provided that a court issuing a child support order retained continuing, exclusive jurisdiction to modify that order until the parties consented in writing to allow another state to assume continuing, exclusive jurisdiction to modify the order. The version of Code § 20-88.39 applicable since 2005, however, contains no such provision and, in fact, provides to the contrary, as recognized by the official comment to UIFSA § 205:
A substantive change is made by the 2001 amendment that adds entirely new language to Subsection (a)(2)....
... Just as Subsection (a) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also identifies how jurisdiction to modify may be lost. That is, if all the relevant persons—the obligor, the individual obligee, and the child—have permanently left the issuing State, the issuing State no longer has an appropriate nexus with the parties or child to justify the exercise of jurisdiction to modify its child-support order. Further, the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that State have no reason to expend public funds on the process.
UIFSA § 205 cmt. (2001), 9 U.L.A. (pt. IB) 194 (2005) (citations omitted) (emphasis added). As the official comment makes clear, Code § 20-88.39 provides that when a court loses continuing, exclusive jurisdiction over its prior child support order, it has no subject matter jurisdiction to modify that order.
It is true that the trial court retained continuing jurisdiction to enforce, as opposed to modify, the order pursuant to Code § 20-88.40. Continuing jurisdiction to enforce need not be exclusive jurisdiction. UIFSA § 206 cmt. (2001), 9 U.L.A. (pt. IB) 196 (2005) (recognizing UIFSA § 206 dealing with enforcement “is correlative of the continuing, exclusive jurisdiction asserted in [§ 205]” and “makes the *266 relatively subtle distinction between the [continuing, exclusive jurisdiction] ‘to modify a support order’ established in Section 205 and the ‘continuing jurisdiction to enforce’ established in [§ 206]”). It is also true that the court retained personal jurisdiction to enforce the order pursuant to Code § 20-88.36, which provides that:
Personal jurisdiction acquired by a tribunal of this Commonwealth in a proceeding under this chapter or other law of the Commonwealth relating to a support order continues as long as a tribunal of the Commonwealth has continuing, exclusive jurisdiction to modify its order or continuing jurisdiction to enforce its order as provided by §§ 20-88.39, 20-88.40 and 20-88.43:2.
2005 Va. Acts, ch. 754 (codified at § 20-88.36 (2004 Repl.Vol. & Supp.2006)). However, because the trial court was required to have subject matter jurisdiction for the modification, defined by Code § 20-88.39 as continuing, exclusive jurisdiction, whether Code § 20-88.36 granted the trial court personal jurisdiction over father for purposes of modifying the order was irrelevant. For the reasons already discussed, the court lacked continuing, exclusive jurisdiction over the order, and any authority of the trial court to exercise personal jurisdiction over father did nothing to remedy the lack of subject matter jurisdiction to modify.
B.
REMEDY
Father asks that mother be required to “reimburse [him] all monies paid over the amount of the child support obligation existing in May 2006 when this matter started.” We have previously held that a trial court has no statutory or inherent authority to order restitution of child support paid pursuant to an erroneous order. See Wilson v. Wilson, 25 Va.App. 752, 760, 492 S.E.2d 495, 499 (1997) (reaching such a conclusion in dicta, based on Reid v. Reid, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993) (involving request for restitution of spousal support paid under order later declared erroneous)). *267 These principles apply with even greater force where, as here, the order was void due to a lack of subject matter jurisdiction. Thus, we deny the request based on a lack of authority to grant the requested relief.[2]
C.
ATTORNEY’S FEES AND COSTS
Father seeks an award of attorney’s fees and costs on appeal and asks that we instruct the trial court to make such an award on remand. We decline father’s request.
Although father prevailed on appeal, he did so on procedural grounds. Further, given father’s active-duty military status and the fact that he was stationed in Germany and deployed to Iraq when these proceedings began, nothing in the record indicates that mother could reasonably have chosen a different forum in which to proceed that would have been more convenient for father without significant inconvenience and expense to herself. Mother clearly knew father would be out of the *268 country when she filed her petition to modify because the primary basis for the original petition was the faet that father would not, based on his new orders, be able to exercise visitation for “at least two years.” Mother, who was proceeding pro se, filed for relief in the only state that had ever exercised jurisdiction over the child support issue, and which would still, under the version of the Code amended by the General Assembly only a year earlier, have had jurisdiction to modify. Representations made to the trial court indicated that father still had counsel in Virginia on retainer, and nothing in the record indicated that mother’s filing in Texas, father’s official state of residence, or West Virginia, the state of residence of mother and the child, would have been any more convenient for father. Nevertheless, father chose not to consent to have the trial court exercise jurisdiction to modify, as he could have done under Code § 20-88.39(A)(2).
Under these circumstances, we decline father’s request for an award of fees incurred on appeal. See, e.g., O’Loughlin v. O’Loughlin, 23 Va.App. 690, 695, 479 S.E.2d 98, 100 (1996).
III.
For these reasons, we hold the trial court lacked subject matter jurisdiction to modify the existing child support order. Thus, we vacate the order modifying child support and dismiss the underlying motion. We decline father’s request for an award of attorney’s fees and costs.

Vacated and dismissed.

. The original language in subsection (A)(2), "Until each individual party has filed,” see 1994 Va. Acts, ch. 673, was amended in 1997 to read, "Until all of the parties who are individuals have filed,” see 1997 Va. Acts, chs. 797, 897.

. The holding in Hughes v. Hughes, 173 Va. 293, 306, 4 S.E.2d 402, 407 (1939), cited in the concurring and dissenting opinion, does not authorize an award of restitution or credit wider the facts of this case. Hughes involved a husband’s voluntary payments of irregular amounts of spousal and child support, payments that were made prior to the entry of any support order and not pursuant to an order later declared erroneous or void. Id. at 304, 4 S.E.2d at 407. The Supreme Court held the trial court abused its discretion in "refusing] to allow the wife either temporary or permanent alimony” and remanded with instructions to make an award of same subject to "credit for any ... sums [the husband] may have theretofore paid his wife.” Id. at 304, 306, 4 S.E.2d at 407. Thus, Hughes did not authorize an order of restitution, and it ordered an award of credit under a different factual scenario, one in which the payments had been made voluntarily rather than pursuant to a void or erroneous order.
We believe the Virginia Supreme Court decision most closely analogous to the instant case is the more recently decided Reid, 245 Va. at 415, 429 S.E.2d at 211, cited in the text, and that, pursuant to Reid, as further interpreted in Wilson, 25 Va.App. at 760, 492 S.E.2d at 499, we lack authority to order restitution. Whether it would be appropriate to award a credit toward any future support that may be ordered is not before us. This opinion is not intended to preclude father from pursuing, in a proceeding separate from this appeal, any forms of relief to which he might be entitled.