COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Huff and Senior Judge Clements
Argued at Chesapeake, Virginia


KATHRYN O'NEIL

                                                                OPINION BY
v.      Record No. 1487-11-1                          JUDGE GLEN A. HUFF
                                                                MAY 1, 2012
JOSEPH O'NEIL


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel T. Powell, III, Judge

Charles E. Haden (Mara Medvin Matthews; Law Offices of Mara
Matthews, on brief), for appellant.

Henry M. Schwan for appellee.

Kathryn O'Neil ("wife") appeals an order of the Circuit Court of the City of

Williamsburg and County of James City ("circuit court") transferring Joseph O'Neil's

("husband") appeal of a ruling of the Juvenile and Domestic Relations District Court of the City

of Williamsburg and County of James City ("JDR court") denying husband's motion to amend

spousal support.  On appeal, wife contends that the circuit court erred in transferring the appeal

to the 22nd Judicial District Court for the parish of St. Tammany, in the State of Louisiana,

because the circuit court had continuing, exclusive jurisdiction to modify the spousal support

order.  For the following reasons, we reverse and remand.

I.  BACKGROUND

The facts relevant to this appeal are as follows.  On May 6, 2005, the circuit court entered

a final decree of divorce and ordered that husband make monthly spousal support payments to

wife in the amount of $5,250.  The order transferred future issues pertaining to spousal support to

the JDR court.[1]  On March 8, 2010, husband filed a motion to amend the spousal support order in the JDR court.  On January 5, 2011, the JDR court denied husband's motion to amend the spousal support order, and husband noted his appeal of the JDR court's ruling to the circuit court. On July 6, 2011, on its own motion, the circuit court declined to exercise jurisdiction over the appeal and transferred the case to the district court in Louisiana, where both parties and their witnesses then resided.  This appeal followed.

## II.  STANDARD OF REVIEW

"An issue of statutory interpretation presents a pure question of law, which we review de novo on appeal."  Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007) (citations omitted).  "When statutory construction is required, we construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used."  Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533-34 (1994) (citations omitted).  "'When the language of a statute is plain and unambiguous, courts are bound by the plain meaning of that language and may not assign the words a construction that amounts to holding that the General Assembly did not mean what it actually stated.'"  Giles v. Commonwealth, 51 Va. App. 449, 452-53, 658 S.E.2d 703, 705 (2008) (citation omitted). Furthermore, "'[t]he rule is that when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.'"  Daniels v. Warden of the Red Onion State Prison, 266 Va. 399, 402-03, 588 S.E.2d 382, 384 (2003) (citation omitted).

---

[1] In Virginia, the JDR court may obtain jurisdiction to enforce spousal support orders that have been transferred by the circuit court to the JDR court pursuant to Code § 20-79(c).  See 9 Peter Nash Swisher et al., Virginia Practice Series Family Law:  Theory, Practice, and Forms § 9:2 (2011).

III. ANALYSIS

Wife contends on appeal that the circuit court erred in declining to exercise jurisdiction over the appeal and in transferring the case to the district court of Louisiana. Specifically, wife argues that the plain language of Code § 20-88.43:2 provided the circuit court with continuing, exclusive jurisdiction to modify the spousal support order, and thus the circuit court lacked the authority to determine that Virginia was an inconvenient forum for the appeal. In response, husband asserts that Code § 8.01-265, the forum non conveniens statute for Virginia, narrows the scope of Code § 20-88.43:2 and is applicable in this case.[2]

In 1994, Virginia adopted the Uniform Interstate Family Support Act ("UIFSA") and codified it, with minor amendments, at Code §§ 20-88.32 through -88.82. Nordstrom v. Nordstrom, 50 Va. App. 257, 262, 649 S.E.2d 200, 203 (2007). Code § 20-88.43:2 provides, in pertinent part, that "[a] court of the Commonwealth issuing a spousal support order consistent with the law of the Commonwealth has continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation." See Va. Dep't of Soc. Servs., Div. of Child Support Enforcement v. Richter, 23 Va. App. 186, 190, 475 S.E.2d 817, 819 (1996) ("[O]nce a court . . . enters a support decree with jurisdiction, it is the only body entitled to modify it so long as it retains continuing, exclusive jurisdiction under the [UIFSA].").

---

[2] Code § 8.01-265 provides, in pertinent part, that

> the court wherein an action is commenced may, upon motion by any party and for good cause shown, (i) dismiss an action brought by a person who is not a resident of the Commonwealth without prejudice under such conditions as the court deems appropriate if the cause of action arose outside of the Commonwealth and if the court determines that a more convenient forum which has jurisdiction over all parties is available in a jurisdiction other than the Commonwealth or (ii) transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth.

In addition, "[e]ach section of the uniform law is accompanied by an official comment that explains the purpose and application of the section." Nordstrom, 50 Va. App. at 262, 649 S.E.2d at 203. "Although the General Assembly has not formally adopted any of the official comments in conjunction with its adoption of UIFSA's various provisions, we have previously recognized that UIFSA's official comments are an appropriate aid in determining how Code §§ 20-88.32 to -88.82 apply in a given case." Id. The official comment to UIFSA § 211 provides that "[t]he issuing tribunal retains continuing, exclusive jurisdiction over an order of spousal support *throughout the entire existence of the support obligation*." UIFSA § 211 cmt. at 204 (2001) (amended 2008), 9 U.L.A. (pt. 1B) 204-05 (1996) (emphasis added) (distinguishing the UIFSA's treatment of spousal support from child support, where it does provide for an issuing tribunal's loss of continuing, exclusive jurisdiction to modify the support order under certain conditions). It further explains that

> [t]he prohibition of modification of spousal support by a non[-]issuing state tribunal under UIFSA is consistent with the principle that a tribunal should apply local law to such cases to insure efficient handling and to minimize choice of law problems. Avoiding conflict of law problems is almost impossible if spousal support orders are subject to modification in a second [s]tate.

Id. at 205.

In view of the plain language and purpose of Code § 20-88.43:2, the specific statute governing jurisdiction over the modification of spousal support, we hold that Code § 20-88.43:2 supplants Code § 8.01-265, Virginia's general forum non conveniens statute. Thus, Code § 20-88.43:2 requires that the court that issued the spousal support order retain continuing, exclusive jurisdiction to modify the support order for its duration. Because husband's motion to amend spousal support arose from the May 6, 2005 support order of the circuit court, his appeal of the JDR court's ruling on the motion to amend was exclusively for the circuit court to decide. Therefore, the circuit court erred in declining to exercise jurisdiction over the appeal and in

transferring the case to the district court of Louisiana.  Accordingly, we reverse the judgment of the circuit court and remand this case to the circuit court for proceedings consistent with this opinion.

<u>Reversed and remanded.</u>