COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia

JOSEPH MONCRIEF

                                                   OPINION BY

v.       Record No. 0051-12-2                   JUDGE GLEN A. HUFF
                                                  OCTOBER 9, 2012

DIVISION OF CHILD SUPPORT ENFORCEMENT,
  *ex rel.* MARY ANN JOYNER

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

Mark E. Englisby (Englisby, Vaughn & Slone, on briefs), for
appellant.

Rebecca A. Young, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Craig M. Burshem, Senior Assistant
Attorney General; Beth J. Edwards, Regional Senior Assistant
Attorney General, on brief), for appellee.


Joseph Moncrief ("appellant") appeals the ruling of the Circuit Court of Chesterfield

County ("trial court") registering a foreign child support order. On appeal, appellant argues that

the trial court erred in registering a North Carolina order as the "controlling order" while

applying the duration term of a previous New York child support order. At issue is the duration

of appellant's child support obligation that initially arose under an order issued in New York in

1994, which was subsequently modified in 1997 by a North Carolina court. For the following

reasons, this Court affirms the trial court's determination.

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citations omitted). So viewed, the evidence is as follows.

On December 4, 1994, the Supreme Court of New York, County of Clinton, granted appellant a divorce ("1994 N.Y. order") from Mary Ann Joyner ("Joyner"). The 1994 N.Y. order incorporated the parties' November 9, 1994 stipulation agreement, which specifically provided for child support. The stipulation agreement provided that appellant would pay child support until the child reached the age of twenty-one unless the child was emancipated through marriage, moving away from Joyner, entering the armed forces, or obtaining employment with sufficient income to be self-supporting. The stipulation agreement further provided that "nothing contained in this [a]greement shall prohibit either party from seeking a modification of the child support provisions herein upon a proper showing before any court of competent jurisdiction."

In 1995, appellant moved to Virginia, and Joyner relocated to North Carolina. On August 5, 1997, the North Carolina Wayne County General Court of Justice, District Court Division ("N.C. court") entered an order ("1997 N.C. order") modifying the 1994 N.Y. order pursuant to a compromise and settlement agreement between appellant and Joyner. Specifically, the 1997 N.C. order noted that North Carolina assumed subject matter jurisdiction since neither appellant, Joyner, nor the child were residents of New York and the child resided in North Carolina. The 1997 N.C. order also modified the child visitation provisions, the periodic child support amount, and the obligor for the child's health insurance. The 1997 N.C. order then concluded by providing that "[a]ll provisions of previous [o]rders not modified herein shall remain in full force and effect."

At some point prior to November 2009, Joyner and the child moved back to New York, and Joyner filed a petition in the New York Family Court in Clinton County ("N.Y. family court") seeking modification of the 1997 N.C. order. Appellant, still a resident of Virginia, filed a motion for dismissal on the grounds that the N.Y. family court lacked subject matter jurisdiction pursuant to

the Uniform Interstate Family Support Act ("UIFSA") and asserted that Virginia was the proper jurisdiction. On November 6, 2009, the N.Y. family court held that the N.C. court had subject matter jurisdiction pursuant to the 1997 N.C. order; thus, the N.Y. family court did not have continuing, exclusive jurisdiction. The N.Y. family court specifically found that "the [1997 N.C. order] did indeed modify significant provision[s] of [the 1994 N.Y. order] . . . . Under [the Family Court Act § 580-205,] a tribunal of this state issuing a child support order which was subsequently modified by a tribunal of another state pursuant to UIFSA procedures or substantially similar procedures may not exercise continuing[,] exclusive jurisdiction." Based on the foregoing, the N.Y. family court concluded that it lacked subject matter jurisdiction to hear Joyner's child support modification petition.

On November 6, 2009, Joyner registered the 1997 N.C. order in the N.Y. family court. The case came before the N.Y. family court again in December 2009 when Joyner filed a petition seeking the enforcement of the child support provision regarding health care expenses in the 1997 N.C. order. On March 22, 2010, the N.Y. family court entered an order addressing the apportionment of medical expenses for the child. The N.Y. family court noted that the 1994 N.Y. order provided that dental treatment for the child was included in the uncovered health expenses for which the parties would share the expenses and that this provision was not modified in the 1997 N.C. order. The N.Y. family court then held that appellant was responsible for half of the dental expenses incurred.

On June 29, 2010, the N.C. court entered an order directing that the child support action be "placed in an inactive status and deleted from the Child Support Enforcement System" since the "child ha[d] reached the age of eighteen and had graduated from high school." Two weeks later, the N.C. court set aside the June 29, 2010 order because the order had been entered without notice to Joyner, and the order provided that "although the above captioned 1997 file modified [the 1994

- 3 -

N.Y. order], the [1997 N.C.] order was being enforced pursuant to [UIFSA] at [Joyner's] request and that neither [appellant] nor [Joyner] reside in North Carolina."

In 2011, Virginia's Department of Child Support Enforcement ("DCSE") filed a motion to register the 1997 N.C. order in the juvenile and domestic relations district court of Chesterfield County ("J&DR court") for purposes of modification. Appellant filed written objections to the registration as well as a "Request for Determination of Controlling Order." The J&DR court held a hearing on DCSE's motion on May 18, 2011. On May 24, 2011, the J&DR court ruled that the 1997 N.C. order did not modify the duration of support; "[t]hus[,] the terms of the [1994 N.Y. order] regarding duration of support continued to govern." No other order was entered in place of the vacated order.

On June 17, 2011, appellant appealed the J&DR court's decision to the trial court. On September 1, 2011, appellant filed a request for the determination of the controlling order and subsequently filed objections to the registration of the support order on September 8, 2011. On September 12, 2011, the trial court held a hearing on DCSE's motion to register a foreign child support order in the J&DR court for purposes of modification, and appellant's request for a determination of the controlling order. At the conclusion of the hearing, the trial court asked DCSE to file its written response to appellant's objections before the trial court made its determination. On or about September 27, 2011, DCSE submitted to the trial court its response to appellant's objection to registration of the support order,[1] and appellant filed his reply to DCSE's response on September 30, 2011.

On November 8, 2011, the trial court held a hearing via teleconference during which the trial court announced its ruling, later reducing the ruling to a written order entered on December 9,

_____

[1] The record indicates that DCSE's response was never filed in the trial court, but that it was submitted to the judge and a copy of it is in the trial court's file.

2011. The trial court held that the 1997 N.C. order did not modify the duration terms of the 1994 N.Y. order and that appellant was under an obligation to pay child support to Joyner pursuant to the 1994 N.Y. order. The trial court further held that "the 1997 [N.C. o]rder, with the duration set forth in the 1994 [N.Y. o]rder, is the controlling order to be registered for modification." At the conclusion of the November 8, 2011 hearing, the trial court stated that it specifically was finding that the 1997 N.C. order was "[s]imply the controlling order" and not the "initial controlling order." Appellant signed the trial court's order as "Seen and Objected to by: for the reasons stated in oral argument." This appeal followed.

## II. STANDARD OF REVIEW

We review *de novo* the trial court's application of defined legal standards to the particular facts of a case. Lewis v. Lewis, 53 Va. App. 528, 542, 673 S.E.2d 888, 894-95 (2009) (citations omitted). It is, however, the trial court's duty, when sitting as the finder of fact, to resolve conflicts in the evidence. City of Bedford v. Zimmerman, 262 Va. 81, 86, 547 S.E.2d 211, 214 (2001) (citations omitted).

## III. ANALYSIS

On appeal, appellant argues that the trial court erred in registering the 1997 N.C. order and applying the duration of the 1994 N.Y. order when the trial court designated the 1997 N.C. order as the controlling order and held that the 1997 N.C. order modified the 1994 N.Y. order. DCSE, however, contends that appellant's appeal is barred pursuant to Rule 5A:18 and Rule 5A:20 on the basis that appellant did not specifically object to the trial court's ruling nor did he provide an exact reference to the pages where the assignment of error was preserved. Thus, DCSE argues this Court should dismiss appellant's appeal since he failed to preserve any error by not complying with Rule 5A:18 and Rule 5A:20.

A. Preservation

1. Rule 5A:18

DCSE asserts that appellant failed to preserve his assignment of error for appeal since appellant's only objection in the trial court was his objection "Seen and Objected to by: for the reasons stated in oral argument" on the December 9, 2011 order. Appellant argues that he properly preserved his assignment of error on the basis that his argument on appeal is the same argument that he submitted in his closing argument as well as in his written arguments to the trial court.

Rule 5A:18 provides, in relevant part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except . . . to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)).

Code § 8.01-384(A) provides the following requisites for complying with Rule 5A:18:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; . . . . No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of

facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

This Court has held that "[c]ounsel may meet the mandates of Rule 5A:18 in many ways. For instance, counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument." Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991). In interpreting Rule 5A:18, the Supreme Court has also held that "if a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." Brown, 279 Va. at 217, 688 S.E.2d at 189 (citing Helms v. Manspile, 277 Va. 1, 7, 671 S.E.2d 127, 129-30 (2009)).

Appellant preserved for appeal his argument regarding the registration of the foreign order because he made the trial court aware of his position. At trial, appellant filed written pleadings setting forth his objections and arguments against the registration of the 1997 N.C. order in Virginia. Appellant's objection to the registration of the support order that he filed in the trial court on September 8, 2011 sets forth the same arguments that he now asserts on appeal. Indeed, appellant's brief on appeal follows almost verbatim his objection to the registration of the support order that he filed in the trial court on September 8, 2011.

Furthermore, appellant made clear the grounds for his objections in his closing argument. At closing argument, appellant's counsel again asserted that the 1997 N.C. order implicitly modified the duration of child support by virtue of North Carolina's statutory provision terminating child support obligations when the child reaches the age of majority, the same grounds he now presents on appeal. Accordingly, this Court holds that appellant complied with Rule 5A:18 and properly preserved his issue for appeal.

### 2. Rule 5A:20

DCSE also asserts that appellant failed to comply with Rule 5A:20 due to his failure to cite to a clear and exact reference to the pages where his assignment of error was preserved and

to reference specific page numbers in the appendix throughout his statement of facts. Appellant, however, asserts that he properly complied with Rule 5A:20(c) in that he cited to the entire transcripts from September 12, 2011 and November 8, 2011 because they contained the arguments and authorities appellant relied upon and the trial court's ruling on the case. Appellant also asserts that he properly provided references to pages in the record after each paragraph in his statement of facts in compliance with Rule 5A:20(d).

Rule 5A:20 provides, in relevant part, that

[t]he opening brief of appellant shall contain:

\* \* \* \* \* \* \*

(c) A statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court.

(d) A clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix.

The Supreme Court of Virginia has held that the requirements of Rule 5A:20 are not jurisdictional. See Jay v. Commonwealth, 275 Va. 510, 513, 517-20, 659 S.E.2d 311, 313, 315-17 (2008). The Supreme Court has also established that "invocation of a non-jurisdictional rule to dismiss an appeal, or to prevent consideration of its merits, should not be undertaken without considering whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case." Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 154 (2008) (citing Jay, 275 Va. at 520, 659 S.E.2d at 317).

In the present case, we hold that appellant's failure to strictly adhere to the requirements of Rule 5A:20(c) were insignificant and were not so substantial as to preclude us from

- 8 -

addressing the merits of the case.  Although appellant cites to the entire September 12, 2011 transcript, consisting of thirty-seven pages, as well as the entire November 8, 2011 transcript, containing eight pages, for his exact reference of where he preserved the alleged error for appeal, his references adequately encompass his arguments and objections to the trial court as well as the trial court's ruling.  Appellant's failure to include specific page numbers, though inconvenient, is not so substantial in this case in which the transcripts cited span only forty-five pages so as to preclude this Court's ability to consider the merits of this case.[2]  Therefore, appellant's argument is not waived.

With regard to DCSE's assertion that appellant failed to comply with Rule 5A:20(d) when it did not cite to the joint appendix, this Court holds that appellant complied with this requirement.  Rule 5A:20(d) requires a party to include "references to the pages of the transcript, written statement, record, or appendix."  On brief, appellant cited to pages in the record after each paragraph in his statement of facts.  Thus, appellant did not err when he cited to pages of the record rather than to pages in the appendix.

B.  Registration of the Foreign Order

As noted above, appellant argues that the trial court erred in registering the 1997 N.C. order and applying the duration of the 1994 N.Y. order when the trial court designated the 1997 N.C. order as the controlling order and held that the 1997 N.C. order modified the 1994 N.Y. order.  Specifically, appellant asserts that 1) the 1994 N.Y. order is not the controlling order because it was modified; 2) the 1997 N.C. order modified the duration of the 1994 N.Y. order because New York law, at that time, did not prohibit modification of the duration of child

---

[2] While we hold, under the particular circumstances of this case, that a citation to two complete transcripts totaling forty-five pages is insignificant and not so substantial as to preclude our review, we do not hold that any citation to full transcripts will satisfy the requirements of Rule 5A:20.  Typically, transcripts cover more than the issue on review in which case citing to the entire transcript could be a significant error and sufficient cause for dismissal of the appeal.

support since New York had not yet enacted UIFSA, New York law permitted parties to opt out of the Child Support Standards Act, and the 1997 N.C. order did not specifically state that it intended to maintain the same duration term that was established in the 1994 N.Y. order; 3) the 1997 N.C. order is the controlling order since North Carolina has continuing, exclusive jurisdiction over child support; and 4) North Carolina statutory law on the duration of child support applies since the controlling order determines the duration of child support and the 1997 N.C. order is the "initial controlling order." Thus, appellant asserts the 1997 N.C. order should not have been registered in Virginia because there is no outstanding child support obligation under the law of North Carolina.

DCSE, however, contends that the trial court properly registered the 1997 N.C. order because the child support obligation continued until the child reached the age of twenty-one pursuant to the 1994 N.Y. order. Specifically, DCSE contends that 1) UIFSA and the federal Full Faith and Credit for Child Support Orders Act ("FFCCSOA") applies; 2) under UIFSA, there can be only one valid child support order in effect at one time and FFCCSOA requires that the law of the rendering state govern the order's interpretation; 3) a determination of a controlling order was not needed since there were never two valid support orders co-existing at the same time, but rather the 1994 N.Y. order was issued first and the 1997 N.C. order modified the 1994 N.Y. order pursuant to UIFSA; and 4) the duration of child support is governed by the 1994 N.Y. order since New York is the "issuing state," the 1997 N.C. order did not modify the duration of the child support but reinstated all un-modified provisions of the 1994 N.Y. order, and North Carolina was prohibited from changing the duration period pursuant to UIFSA and FFCCSOA.

In the present case, there are support obligations involving two or more states; thus, we turn to UIFSA as the applicable law for the determination of the "controlling order" and the dispute over the registration of the 1997 N.C. order.

"Virginia has adopted the . . . UIFSA[] and has codified it, with minor amendments, at Code §§ 20-88.32 to 20-88.82." Nordstrom v. Nordstrom, 50 Va. App. 257, 262, 649 S.E.2d 200, 202-03 (2007). "The UIFSA is a model uniform law that has been enacted in all fifty states. See Code § 20-88.32 *et seq.* It provides a comprehensive statutory scheme to establish and enforce support obligations in proceedings involving two or more states." Commonwealth ex rel. Gagne v. Chamberlain, 31 Va. App. 533, 536-37, 525 S.E.2d 19, 21 (2000).

1. Controlling Order

Code § 20-88.66 provides, "[a] support order . . . issued by a tribunal of another state may be registered in this Commonwealth for enforcement." In determining which support order can be registered, Code § 20-88.41 provides, in pertinent part,

> B. If a proceeding is brought under this chapter, and two or more child support orders have been issued by tribunals of the Commonwealth or another state with regard to the same obligor and same child, a tribunal of the Commonwealth having personal jurisdiction over both the obligor and individual obligee shall apply the following rules and by order shall determine which order controls:
>
> 1. If only one of the tribunals would have continuing, exclusive jurisdiction under this chapter, the order of that tribunal controls and shall be so recognized.
>
> 2. If more than one of the tribunals would have continuing, exclusive jurisdiction under this chapter, (i) an order issued by a tribunal in the current home state of the child controls, but (ii) if an order has not been issued in the current home state of the child, the order most recently issued controls.
>
> 3. If none of the tribunals would have continuing, exclusive jurisdiction under this chapter, a tribunal of the Commonwealth shall issue a child support order, which controls.

C.  If two or more child support orders have been issued for the same obligor and same child, upon request of a party who is an individual or a support enforcement agency, a tribunal of the Commonwealth having personal jurisdiction over both the obligor and the obligee who is an individual shall determine which order controls under subsection B.  The request may be filed with a registration for enforcement or registration for modification pursuant to Articles 8 (§ 20-88.66 et seq.) and 9 (§ 20-88.74 et seq.) or may be filed as a separate proceeding.

In the present case, the trial court found that the 1997 N.C. order, applying the duration established in the 1994 N.Y. order, was the controlling order.  In determining which state has continuing, exclusive jurisdiction, we look to New York and North Carolina's UIFSA law to determine when they each had jurisdiction to modify a child support order.[3]  See Code § 20-88.69(A).  New York provides the following with regard to its continuing, exclusive jurisdiction to modify a child support order:

(a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

   (1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

   (2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

(b) A tribunal of this state issuing a child-support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to the . . . UIFSA[] or a law substantially similar to UIFSA.

(c) If a child-support order of this state is modified by a tribunal of another state pursuant to UIFSA or a law substantially similar to UIFSA, a tribunal of this state loses its continuing, exclusive

_____

[3] We turn to New York and North Carolina's UIFSA codes because Virginia's version of UIFSA, specifically as it relates to continuing, exclusive jurisdiction, does not provide a reference for determining continuing, exclusive jurisdiction when the child support order is issued by a tribunal of another state.  See Code § 20-88.39.

jurisdiction with regard to prospective enforcement of the order issued in this state, . . . .

N.Y. Fam. Ct. Act § 580-205 (McKinney 2012).

Pursuant to New York's UIFSA law, New York lost its continuing, exclusive jurisdiction when the parties and child were no longer residents of New York due to their move to North Carolina and when North Carolina modified the 1994 N.Y. order in its 1997 N.C. order. Turning to North Carolina's UIFSA law, North Carolina provides the following regarding its continuing, exclusive jurisdiction:

> (a) A tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a child support order:
>
>   (1) As long as this State remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
>
>   (2) Until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.
>
> (b) A tribunal of this State issuing a child support order consistent with the law of this State may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to a law substantially similar to this Chapter.
>
> (c) If a child support order of this State is modified by a tribunal of another state pursuant to a law substantially similar to this Chapter, a tribunal of this State loses its continuing, exclusive jurisdiction with regard to prospective enforcement of the order issued in this State, . . . .

N.C. Gen. Stat. § 52C-2-205 (2012).

As noted above, North Carolina obtained jurisdiction to modify the 1994 N.Y. order in 1997 since neither appellant, Joyner, nor the child were residents of New York, and the child was a resident of North Carolina. Furthermore, North Carolina has not lost its continuing, exclusive jurisdiction as the 1997 N.C. order, entered pursuant to North Carolina's adoption of UIFSA, has

- 13 -

not been modified by a tribunal of another state.  Accordingly, North Carolina has continuing, exclusive jurisdiction, and the trial court did not err in finding that the 1997 N.C. order was the controlling order.  Code § 20-88.41(B)(1) ("If only one of the tribunals would have continuing, exclusive jurisdiction under this chapter, the order of that tribunal controls and shall be so recognized.").

## 2.  Duration

In turning to the 1997 N.C. order to determine the duration of the child support, the 1997 N.C. order was silent.  Contrary to appellant's assertion, however, this silence does not mean that the child support duration was automatically governed by North Carolina's default child support provision.  See N.C. Gen. Stat. § 50-13.4(c) (2012).  Rather, the 1997 N.C. order provided that "[a]ll provisions of previous [o]rders not modified herein shall remain in full force and effect." Thus, the trial court properly turned to the 1994 N.Y. order to determine the duration of the child support order.

The 1994 N.Y. order provided that the appellant shall pay child support until the child reached the age of twenty-one years or was emancipated through marriage, moving away from Joyner, entering the armed forces, or obtaining employment with sufficient income to be self-supporting.  Accordingly, appellant's child support obligation was for the duration set forth in the 1994 N.Y. order.  Thus, the trial court did not err in registering the 1997 N.C. order, which applied the duration term set forth in the 1994 N.Y. order.  Code § 20-88.66.

## IV.  CONCLUSION

Based on the foregoing, this Court holds that the trial court did not err in registering the 1997 N.C. order and applying the term of duration as originally set forth in the 1994 N.Y. order,

which was not modified and remained in full force and effect through the 1997 N.C. order's saving language.

Affirmed.